FILED 15 NOV '11 11:46 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

ELICEO GONZALES-MATOS,

        Petitioner,         Civil No. 11-3051-TC

        v.                      FINDINGS AND
                                RECOMMENDATION
RICK ANGEELOZZI,

        Respondent.

COFFIN, Magistrate Judge.

    Petitioner is in the custody of the Oregon Department of Corrections (ODOC) pursuant to a Supplemental Judgment, dated September 11, 2008, from the Multnomah County Circuit Court, after convictions for Attempt to Commit a Class A Felony - Sodomy 1 and Delivery of Methamphetamine. Exhibit 101. Following petitioner's no contest plea, he was sentenced to 40 and 13 month terms of imprisonment, respectively, for a total of 53 months of imprisonment. *Id.*

1 - FINDINGS AND RECOMMENDATION

Petitioner did not directly appeal his conviction. Petitioner filed a petition for post-conviction relief, but the Malheur County Circuit Court denied relief. Exhibit 131. The Oregon Court of Appeals summarily affirmed and the Oregon Supreme Court denied review. Exhibits 132 - 139.

Petitioner filed a petition for habeas corpus relief under 28 U.S.C. § 2254, alleging that his pleas were not knowing and voluntary, that he was subject to an illegal search, and that his trial counsel was ineffective. Petiton (#2) p. 6-7.

Respondent moves to deny relief and dismiss this proceeding on the grounds that "(m)any of his claims are procedurally defaulted, and his remaining ineffective assistance of counsel claims lack merit." Response (#11) p. 1.

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]" Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and resolve all federal claims. Keeney v. Tomayo-Reyes, 504 U.S. 1, 10 (1992). If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

To "fairly present" a federal claim in state court, habeas petitioners must "include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S.

2 - FINDINGS AND RECOMMENDATION

152, 162-63 (1996); see also, Castillo v. McFadden, 399 F.3d 993, 1000 (9th Cir. 2005).

Furthermore, to properly exhaust a claim the petitioner must present the federal claim to the state courts in a procedural context in which the claims' merits will be considered. Castille v. Peoples, 489 U.S. 346, 351-52 (1989); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1984; Turner v. Compoy, 827 F.2d 526, 529 (9th Cir. 1987), cert. denied, 489 U.S. 1059 (1989).

Stated otherwise, each claim raised in a habeas petition must have been given one complete round of the state's appellate review process. O'Sullivan v. Boerckel, supra at 844-845, and the state courts must have had a full and fair opportunity to respond to any federal claim asserted by the petitioner. Keeney v. Tamayo-Reyes, supra at 10.

If a petitioner has failed to present a federal constitutional claim to the state's highest court (*i.e.*, has failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally defaulted. Boerckel, 526 U.S. at 848, citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). Once a petitioner has procedurally defaulted a claim, federal habeas corpus review is barred unless the petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the failure. Edwards v. Carpenter, 529 U.S. 446, 451 (2000), Coleman, 501 U.S. at 750; see also, Wainwright v. Sykes, 433 U.S. 72 (1977); Murray v. Carrier, 477 U.S. 748 (1986); Hughes v. Idaho Bd. of Corr., 800 F.2d 905 (9th Cir. 1986).

3 - FINDINGS AND RECOMMENDATION

Cause for a procedural default exists only if petitioners "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray, 477 U.S. at 488. Prejudice exists only if petitioners show that the procedural default "worked to [petitioner's] actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982). Demonstrating a mere possibility of prejudice is insufficient. Id.

Procedural defaults may also be excused by demonstrating a "fundamental miscarriage of justice." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). To establish the fundamental miscarriage of justice exception to the exhaustion requirement requires a showing of actual innocence. Schlup v. Delo, 513 U.S. 298, 329 (1995); Calderon v. Thompson, 523 U.S.538, 559 (1998).

In Ground One petitioner alleges "[m]y trial counsel ask[ed] me to plead guilty to the crimes or the (DA) will ask for measure 11, so I said no contest." Petitioner raised a similar claim in his petition for post conviction relief. See Exhibit 105, p. 3, claim (a) ["Trial counsel was ineffective for failing to defend petitioner. Petitioner wanted to develop a defense and go to trial."]

In his PCR appeal Balfour brief, petitioner alleged that his counsel was "ineffective for failing to defend petitioner because he had issues that could have been raised on appeal." Exhibit 132, Section B, p. 1-2. In petitioner's request for Oregon Supreme Court review, petitioner did not raise any specific assignments of

4 - FINDINGS AND RECOMMENDATION

error - he simply incorporated his PCR appeal brief by reference. Exhibit 137, p 2.

Petitioner's PCR claim that counsel was ineffective for failing to defend because petitioner "had issues that could have been raised on appeal" is different than the claim in Ground One that counsel persuaded petitioner to plead guilty to avoid Measure 11 jeopardy. I find that petitioner's Ground One was not fairly presented to the Oregon Supreme court.[1]

In Ground Two, petitioner alleges that he was subject to an unlawful search and seizure. This is the type of trial-court error that could have, and therefore should have been raised at petitioner's underlying trial and direct appeal. Palmer v. State of Oregon, 318 Or. 352, 356-58 (1994); Kellotat v. Cupp, 719 F.2d 1027, 1030 (9th Cir. 1983.

Petitioner did not file a direct appeal and, therefore, could not have presented this claim to the Oregon Supreme Court.

Petitioner is now barred under Oregon law from filing any additional appeals or PCR proceedings, and therefore cannot "fairly present" any additional claims to the Oregon state courts.[2] Thus he

---

[1] Assuming Ground One is not procedurally defaulted, I find that it fails on the merits for the reasons discussed below, ie, that the state court findings that petitioner's trial counsel was not ineffective is entitled to deference by this court and supported by the record.

[2] ORS 138 requires that direct appeals be filed not later than 30 days after the judgment or order appealed from was entered in the register. ORS 138.650 requires PCR appeals to be filed within 30 days after the entry of final judgment. ORS 2.520 requires petitions for review to the Oregon Supreme Court to be filed within 35 days from the date of the Court of Appeals's decision. See also, ORAP 9.05(2) (same). Finally, ORS 138.550(3) provides that

5 - FINDINGS AND RECOMMENDATION

has procedurally defaulted the claims discussed above. Petitioner has not alleged any cause and prejudice for his procedural default or established that he is entitled to the fundamental miscarriage of justice exception to the exhaustion requirement.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, habeas relief may be granted only when a state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceedings." 28 U.S.C. § 2254(d); Wiggins v. Smith, 539 U.S. 510, 520 (2003).

A state court's decision is "'contrary to' federal law if it fails to apply the correct controlling Supreme Court authority or comes to a different conclusion ... [from] a case involving materially indistinguishable facts." Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002) (citing Bell v. Cone, 535 U.S. 685, 694). The Supreme Court has held that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Williams v. Taylor, 529 U.S. 362, 409 (2000).

In addition, under 28 U.S.C. § 2254(d)(2), "a determination of a factual issue made by a state court shall be presumed to be

---

all PCR claims must be asserted in the original or amended petition unless they could not reasonably have been asserted therein, and any claims not so asserted are deemed waived.

6 - FINDINGS AND RECOMMENDATION

correct.. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Miller-El v. Cockrell, 537 U.S. 322, 351 (2003).

"[I]t is past question that the rule set forth in Strickland, qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Williams v Taylor, supra at 391. Under Williams, a petitioner may therefore be granted habeas corpus relief on a claim of ineffective assistance of counsel only if the decision of the state court was contrary to, or an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984).

Under Strickland, a claim that counsel's assistance was so ineffective as to require reversal of a conviction has two components. First, the petitioner must show that counsel's performance was deficient; second, the petitioner must show that the deficient performance prejudiced the defense. Id. at 687.

The first prong of the Strickland test required the petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness. Strickland, supra at 688. The second component of the test requires the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., at 694. A "reasonable probability" is one that is sufficient to undermine confidence in the outcome." Id.

In order to satisfy the prejudice requirement in the context

of a plea agreement, the petitioner must demonstrate that there is a "reasonable probability that, but for counsel's errors, he would have not pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). In plea agreement cases, the "resolution of the 'prejudice' inquiry will depend largely on whether [an] affirmative defense likely would have succeeded at trial. Id. at 59.

In Bell v. Cone, 535 U.S. 685 (2002), the Court reiterated that when considering ineffective assistance of counsel claims:

> [J]udicial scrutiny of a counsel's performance must be highly deferential and that every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Thus, even when a court is presented with an ineffective-assistance claim not subject to § 2254(d)(1) deference, a defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

Bell, 535 U.S. at 695 (citations and quotations marks omitted).

When considering ineffective assistance of counsel claims under 28 U.S.C. § 2254(d), "it is the habeas applicant's burden to show that the state court applied Strickland to the facts of his case in an objectively unreasonable manner." Woodford v. Visciotti, 537 U.S. 19, 25 (2002) (per curiam).

The general nature of the Strickland test combined with the deference prescribed by § 2254(d) combines to require the federal court not to evaluate the state court's determination itself, but whether the state court's determination was unreasonable. Knowles v. Mirzayance, 129 S.Ct. 1411, 1420 (2009) (citing Schriro v.

8 - FINDINGS AND RECOMMENDATION

Landrigan, 550 U.S. 465, 473 (2007).

Petitioner's Ground Three contains four allegations of ineffective assistance of counsel that generally restate the allegations in his PCR petition.

The PCR court rejected petitioner's ineffective assistance of counsel claims as follows:

> As I said, I've read everything. I've read the transcript of the plea; I've read all of the exhibits. There is absolutely nothing here for post-conviction relief. Mr. Barnett's representation was more than adequate. I believe the discovery was translated into Spanish and that the state paid for it. I believe that Mr. Barnett was prepared for trial. There were three judicial settlement conferences in this case, which not only the attorneys, but also judges discussed settlement with the petitioner. One of those was immediately proceeding trial, and Judge McShane refers to it. So, I do believe the plea was throughly discussed with Mr. Gonzales-Matos. I find the plea was knowing and voluntary. There is insufficient proof of all your allegations. I believe the testimony of the trial attorney as to the details of the representation.

Exhibit 130, Transcript of Proceedings, p. 13 - 14.

Petitioner has not presented any clear and convincing evidence to controvert the PCR court findings and they are therefore presumed to be correct. 28 U.S.C. § 2254(e)(1).

In addition, for the reasons set forth below, I find that the PCR court's legal conclusion that petitioner's trial counsel was not constitutionally defective, is not contrary to, nor an unreasonable application of Strickland.

The PCR court's denial of petitioner's claim in Ground 3 (1) that his attorney was ineffective for failing to have the discovery material is supported by the affidavit of Russell Barnett which states that discovery was translated into Spanish at state expense.

9 - FINDINGS AND RECOMMENDATION

Exhibit 124, p. 1-2.

Petitioner's Ground Three (2) alleges that counsel was ineffective because he failed to "defend petitioner because he had issues that could have been raised in Appeals." This claim is presumably intended to re-state petitioner's PCR claim which was that "trial counsel was ineffective by incorrectly advising Petitioner that he had issues that could be raised on appeal. Exhibit 105, p. 3.

This claim is controverted by trial counsel's affidavit which states that he "fully advised [petitioner] that there would be no issues to appeal once the Court imposed the agreed-upon sentence. [Petitioner] repeatedly said during the plea negotiations that he would accept the State's offer, and then he would appeal. I continually informed him that if the Court imposed the agreed upon sentence, there would be nothing to appeal. I also recall that Judge McShane specifically refuted [petitioner's] assertion that he would appeal his sentence for less time." Exhibit 124, Barnett Affidavit, p. 2.

Petitioner alleges in Ground Three (3) that his counsel was ineffective for failing to "file and/or support Petitioner's motion to suppress evidence obtained from traffic stop."

The PCR court did not specifically address this claim other than the general finding that there was insufficient proof of "all of [petitioner's] allegations."

The affidavit of petitioner's first attorney[3] indicates that he did not file a motion to suppress evidence from the traffic stop because based on his "professional skill and judgment" there "was no legal basis to suppress the methamphetamine that police recovered during the traffic stop." Exhibit 125, Affidavit of James Britt, ¶ 2.

The affidavit of petitioner's second attorney states that he supported [petitioner's] motion to suppress evidence from the traffic stop and that the court denied the motion. Exhibit 124. ¶ 5; see also Exhibit 119 [Order denying Motion to Suppress].

Thus, petitioner Ground Three (3) fails as a factual matter. Trail counsel Britt was not ineffective for failing to file a motion which lacked merit, and counsel Barnett did "support" petitioner's motion to suppress - which was denied by the court.

Petitioner alleges in Ground Three (4) that his counsel was ineffective for failing to fully explain the plea agreement to petitioner. Petitioner does not specify the particular basis for this claim in this proceeding. In his PCR appellate briefs he argued that his attorney allegedly failed to explain that petitioner would be ineligible for Alternative Incarceration Programs ("AIPs")." Exhibit 132 at p. 2.

There is abundant evidence in the record to support the PCR court finding that the plea petition was adequately explained to

---

[3]Attorney James Britt III represented petitioner at the beginning of his case. Exhibit 125. Attorney Russell S. Barnett III represented petitioner through the conclusion of his case. Exhibit 124.

11 - FINDINGS AND RECOMMENDATION

petitioner. Exhibit 124 p. 2-3; *see also* Exhibit 130 p.12-13; and Exhibit 104.

To the extent that petitioner's claim in Ground One is not procedurally defaulted and properly before the court, it is construed as a claim that his trial counsel encouraged him to accept the plea agreement because he faced a 100 month sentence under Measure 11 if convicted.

This claim is controverted by trial counsel's affidavit which indicates that petitioner "no longer faced sentencing under Measure 11." *See*, Exhibit 124, ¶ 3.

I find that the record before the court clearly establishes that petitioner's trial attorneys' performance did not fall below an objective standard of reasonableness and that petitioner has failed to establish the first prong of the *Strickland* test.

As noted above, to satisfy the prejudice prong of *Strickland* in the context of a plea agreement, the petitioner must demonstrate a reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

Petitioner has made no such demonstration in this case. Petitioner was charged with multiple serious charges including Measure 11 offenses. He pleaded "no contest" to two charges and a sentence of 53 months. The evidence against petitioner included his own admissions. Under these circumstances, it appears that petitioner got a favorable plea bargain and there is no evidence to support an argument that but for counsel's (alleged) errors, he

would not have pleaded and insisted on going to trial. Petitioner has not identified any affirmative defense that is likely to have succeeded at trial. Hill v. Lockhart, *supra*.

Based on all of the foregoing, petitioner's Petition (#2) should be denied. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

## Certificate of Appealability

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

DATED this 15 day of November, 2011.

Thomas M. Coffin
United States Magistrate Judge